**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CARRASCO-CONTRERAS,   )<br>  )<br>        **Petitioner**,   )<br>  )<br>v.   )<br>  )<br>  )<br>UNITED STATES OF AMERICA,   )<br>  )<br>        Respondent.   )<br>  )<br>_____ ) | CV F 07-0322 AWI<br>(CR F 05-0221-06 AWI)<br><br>**ORDER DISMISSING PETITIONER'S MOTION TO CORRECT, AMEND OR VACATE HIS SENTENCE AND CLOSING THE CASE**<br><br>**(28 U.S.C. § 2255)** |

    In this case, petitioner Eric Carrasco-Contreras ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 48 months that was imposed by this court on June 2, 2006, following Petitioner's entry of a plea of guilty to one count of 21 U.S.C. 843(b), using a communications facility to facilitate the commission of a felony. In the instant motion , Petitioner is presumed to be seeking correction of his sentence, although neither the relief requested or the justification for that relief are adequately set forth. For the reasons that follow, Petitioner's motion pursuant to section 2255 (the "2255 Motion") will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    According to the Presentence Investigation Report prepared by the Probation Department prior to Petitioner's sentencing, Petitioner was one of nine persons arrested in connection with a large central valley drug manufacturing and distribution operation. Like the other defendants,

Petitioner was originally charged with one count of conspiracy to possess with intent to sell controlled substances and one count each of possession with intent to distribute methamphetamine, cocaine and heroine, respectively. Pursuant to a negotiated plea agreement, Petitioner entered a plea of guilty to a one-count superseding information alleging the use of a communications facility to facilitate the commission of a felony. The plea was entered on February 27, 2006. In the plea agreement, Petitioner comprehensively waived all rights to appeal or collaterally attack his sentence. Petitioner was sentenced on May 30, 2006, to 48 months custody, the term that had been agreed upon in the plea agreement. Judgment was entered on June 2, 2006.

The instant 2255 Motion was timely filed on February 27, 2007. Petitioner's 2255 Motion consists solely of the 6-page fill-in-the-blanks form A0243, which is provided by the Bureau of Prisons. The only ground indicated by Petitioner for his 2255 Motion is his allegation that his "conviction [was] obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea." Petitioner supplied only the following facts in support of his allegation:

> [I] took a plea on this of superseding information and I notice on my indictment are more charges; I only took a plea to one count.

Doc. # 185 at 4.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed

against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

Petitioner's 2255 Motion appears to be based on a misunderstanding. So far as the court can gather from the information in Petitioner's pleading, Petitioner is under the impression he was sentenced on the basis of additional counts that he did not plead guilty to. This is plainly not the case. Petitioner pled guilty to a single count that was contained in the superceding information and was sentenced on the basis of that count alone. The conspiracy and possession charges that were contained in the original indictment were dismissed at the time of sentencing on May 30, 2006, and played no part in the computation of Petitioner's sentence.

The court need not address whether Petitioner's claim is barred by his comprehensive waiver of rights to appeal or collaterally attack his judgment because, so far as the court can determine, Petitioner has not asserted a claim. Petitioner has only expressed a misunderstanding which this order will hopefully correct.

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that Petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED. The clerk of the court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:**   **March 17, 2009**            **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE